IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 05-cv-01195-REB-BNB

ST. PAUL TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut Corp.,

    Plaintiff,

v.

MATTHEW T. MANLEY,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**Blackburn, J.**

The matter before the court is **Plaintiff Travelers Casualty & Surety Company of America's Motion for Summary Judgment Against Defendant Matthew T. Manley** [#76], filed August 7, 2006. I deny the motion.

### I. JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

### II. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. **FED.R.CIV.P.** 56(c); ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. ***Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 586,

106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); ***Farthing v. City of Shawnee***, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); ***Farthing***, 39 F.3d at 1134.

When the movant bears the burden of proof at trial, it must submit evidence to establish every essential element of its claim or affirmative defense. ***See In re Ribozyme Pharmaceuticals, Inc. Securities Litigation***, 209 F.Supp.2d 1106, 1111 (D. Colo. 2002). Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. ***Concrete Works, Inc. v. City & County of Denver***, 36 F.3d 1513, 1518 (10th Cir. 1994), ***cert. denied***, 115 S.Ct. 1315 (1995). All the evidence must be viewed in the light most favorable to the party opposing the motion. ***Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services***, 165 F.3d 1321, 1326 (10th Cir.), ***cert. denied***, 120 S.Ct. 53 (1999).

### III.  ANALYSIS

Plaintiff was the fidelity insurer for Alliance Commercial Partners ("Alliance"). In August, 2004, Alliance submitted a claim under the policy based on unauthorized wire transfers by one of its fiduciary employees, Patricia Ragusa, to herself, her two minor children, and a friend, Matthew Manley, during the coverage period of the fidelity insurance policy. Plaintiff paid the claim; thus, becoming subrogated to Alliance's rights against those responsible for the loss. This lawsuit followed. Plaintiff's claims against

Ragusa and her minor children have been dismissed.  Only the claims against Manley remain.

Of its three causes of action against Manley, plaintiff seeks summary judgment solely on its claim of conversion.[1]  Under Colorado law, "[c]onversion is any distinct, unauthorized act of dominion or ownership exercised by one person over personal property belonging to another."  **A-1 Auto Repair & Detail, Inc. v. Bilunas-Hardy**, 93 P.3d 598, 602 (Colo. App. 2004) (quoting **Byron v. York Investment Co.**, 296 P.2d 742, 745 (Colo. 1956)) (internal quotation marks omitted).  However, "[a]n action for damages for conversion of personal property cannot be maintained unless plaintiff had a general or special property in the personalty converted, coupled with possession or the immediate right thereto."  **Byron**, 296 P.2d at 745.[2]

Plaintiff's evidence establishes that Ragusa made wire transfers totaling $239,167.00 to accounts belonging to Manley at Union Bank of California and Charles Schwab.  (Plf. Motion App., Exh. 4 at 5-7 & Exh. 5.)  The evidence establishes further that at least one of these transfers came from Florida Office Associates, LLC.  (**Id.**, Exh.

---

[1] Although Manley answered the complaint, he has filed no response to the motion for summary judgment.  Nevertheless, Manley's failure to respond does not entitle plaintiff to a "default" summary judgment.  **See Murray v. City of Tahlequah, Oklahoma**, 312 F.3d 1196, 1200 (10th Cir. 2002).  I still must determine whether there is any genuine issue of material fact for trial.

[2] Although plaintiff does not address the issue, I note that although there is in general no cause of action for the conversion of money as such, **Johnson v. Studholme**, 619 F.Supp. 1347, 1350 (D. Colo. 1985), **aff'd**, 833 F.2d 908 (10th Cir. 1987), "[m]oney may be the subject of conversion if it is specifically identifiable and there is an obligation to return it or treat it in a particular manner," **Newbro v. Freed**, 409 F.Supp.2d 386, 394 (S.D.N.Y. 2006) (citation and internal quotation marks omitted).  It thus appears to be the consensus among courts that a claim of conversion is cognizable when it relates to a wire transfer of funds which are traceable to a specific bank account.  **See, e.g.**, **id**. at 395; **ADP Investor Communication Services, Inc. v. In House Attorney Services, Inc.**, 390 F.Supp.2d 212, 224 -25 (E.D.N.Y. 2005); **Canawill, Inc. v. EMAR Group, Inc.**, 250 B.R. 533, 549-51(M.D.N.C. 1999); **FMC Corp. v. Varonos**, 1988 WL 116825 at *7 (N.D. Ill. Oct. 21, 1988), **aff'd**, 892 F.2d 1308 (7th Cir. 1990); **Republic of Haiti v. Crown Charters, Inc.**, 667 F.Supp. 839, 845 -46 (S.D. Fla. 1987).

4 at 6.) However, although plaintiff asserts that Florida Office Associates, LLC, is a related company of Alliance, it proffers no evidence to establish as much.[3]  A necessary concomitant of any claim of conversion must be that the property converted belong to the plaintiff.  **See Byron**, 296 P.2d at 745.  Plaintiff has failed to establish this essential element of its claim.

### IV.  CONCLUSION

Plaintiff has failed to demonstrate that there is no genuine issue of material fact for trial.  Accordingly, its motion for summary judgment must be denied.

**THEREFORE, IT IS ORDERED** that **Plaintiff Travelers Casualty & Surety Company of America's Motion for Summary Judgment Against Defendant Matthew T. Manley** [#76], filed August 7, 2006, is **DENIED.**

Dated October 23, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**

---

[3]  In its motion, plaintiff cites me to the portion of Manley's trial testimony in which he merely acknowledges that one of the transfers came from Florida Office Associates.  (**See** Plf. Motion at 6 (citing Plf. Motion App., Exh. 4 at 6).)  Plaintiff refers also to another portion of that same transcript, which does not appear to be included in the cited exhibit, or elsewhere in the summary judgment evidence for that matter.